[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #102
CT Page 2037
The plaintiffs in this case allege that the defendant, an independent insurance adjusting company, acting on their behalf, filed an inaccurate proof of loss with the plaintiffs' insurer in connection with a fire loss. As a result, the plaintiffs allege, the insurer was successful in its effort to disclaim coverage for that loss based upon a provision in the policy that the policy will be void if the insured engages in fraudulent conduct by making false statements or misrepresenting material facts.
The plaintiffs' complaint contains four counts: negligence, breach of contract, breach of the implied covenant of good faith and fair dealing, and violation of CUTPA (Connecticut Unfair Trade Practices Act). The defendant has moved to strike the fourth count of the complaint alleging a violation of CUTPA.
The defendant argues that in a claim involving the insurance industry and conduct arising from an insurance practice a CUTPA claim can be made only if the basis for the alleged CUTPA violation also is a basis for a violation of CUIPA. (Connecticut Unfair Insurance Practices Act). The defendant claims that the wrongful conduct alleged by the plaintiffs on the part of the defendant cannot form the basis of a CUIPA claim since the plaintiffs have not alleged that the defendant engaged in such conduct with such frequency as to indicate a general business practice. In making this argument, the defendant is presuming that the plaintiffs are relying on conduct which would be in violation of Connecticut General Statutes § 38a-816 (6) which would constitute unfair claim settlement practices on the part of the defendant.
The plaintiffs respond to the defendant's claims by arguing that they are not relying upon any CUIPA violations as a basis for their CUTPA claim and therefore do not have to allege and prove that the defendant was committing or performing the acts alleged with such frequency as to indicate a general business practice. Thus the defendant is incorrect when it claims that the plaintiffs' CUTPA claim is based on a violation of § 38a-816 (b).
The plaintiffs concede that the defendant in this case, a public adjuster, was engaged in the business of insurance and thus subject to regulations under CUIPA. The issue to be resolved therefore is whether, under the facts as alleged in this case a CUTPA claim can stand alone or must it be predicated upon a violation of CUIPA.
The answer to the above questions was answered by the Connecticut Supreme Court in Mead v. Burns, 199 Conn. 651 (1986). In Mead the Court CT Page 2038 held that insurance practices are subject to regulations under both CUTPA and CUIPA. However, in this court's opinion, the Court in Mead also held that a plaintiff may not maintain a CUTPA action for an insurance practice which does not also constitute a violation of CUIPA. Mead v.Burns, supra at pp. 663-664.
Since the fourth count seeks to allege a cause of action under CUTPA for conduct which the plaintiffs do not allege or claim was a violation of CUIPA, the defendant's motion to strike the fourth count of the complaint must be granted.
By the Court,
Bruce W. Thompson, Judge